UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

        Plaintiff,                                      Case Number 13-11436
v.                                                   Honorable David M. Lawson

KURT SCHELLING,

        Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

        This case is before the Court on the plaintiff's motion for default judgment. The plaintiff is a California limited liability company that owns the copyrights on several pornographic videos. The plaintiff alleged in a complaint that an anonymous defendant, operating online from a certain internet protocol (IP) address, downloaded a number of the plaintiff's videos and shared them with others using the Bit Torrent protocol, which is peer-to-peer file sharing software. The plaintiff received permission to conduct early discovery and was able to trace the IP address to the defendant Kurt Schelling, identifying him by name in an amended complaint. Schelling was personally served and has not answered the amended complaint. The time for doing so has expired.

        The Clerk entered Schelling's default on July 11, 2013, and the plaintiff moved for a default judgment on September 12, 2013. Schelling has not been heard from.

        There is no question that the plaintiff is entitled to a default judgment finding Schelling liable for copyright infringement. The entry of default "conclusively establishes every factual predicate of a claim for relief." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007). But the Court is not free to enter judgment in the amount requested by the plaintiff. Rather, "[w]here damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must

be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982)); *see also Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983) ("A default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages.").

In this case, the plaintiff seeks statutory damages totaling $18,000 for "willful infringement," an injunction, attorney's fees in the amount of $2,550, and $445 in costs. The Copyright Act permits plaintiffs to chose between actual damages and statutory damages. The plaintiff requests the minimum statutory damages provided by section 504 of the Copyright Act for each of the six infringements alleged in the complaint. Section 504(c)(1) sets the minimum statutory damages at $750 per infringement. 17 U.S.C. § 504(c)(1). Under the statute, the plaintiff is not required to prove actual damages. "[A] plaintiff may recover statutory damages 'whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant.'" *Disney Enterprises v. Farmer*, 427 F. Supp. 2d 807, 816 (E.D. Tenn. 2006) (quoting *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1337 (9th Cir. 1990)). The plaintiff has not made a showing that justifies statutory damages in excess of the minimum amount. The amended complaint alleges merely that the acts of infringement were "committed 'willfully,'" Am. Compl. ¶ 32, without any factual allegations to back up that conclusion. The plaintiff is entitled to $6,000 in statutory damages for the eight acts of infringement set out in the amended complaint, Exhibit B.

The plaintiff also seeks a permanent injunction to prevent further infringement by the defendant. The issuance of such an injunction is in the Court's discretion, but "permanent injunctions are typically granted in situations involving unlawful infringement of copyrights in . . . compositions 'because of the strong probability that unlawful performances of other copyrighted

material will occur.'" *Disney Enterprises*, 427 F. Supp. 2d at 819 (quoting *Sailor Music v. IML Corp.*, 867 F. Supp. 565, 570 (E.D. Mich. 1994)). The plaintiff's request for a permanent injunction therefore will be granted.

The plaintiff's request for attorney's fees is problematic. Attorney Paul Nicoletti justifies his request with an affidavit averring that he spent 8.5 hours on the file and charges an hourly rate of $300. If this were a one-off lawsuit, the request might be seen as reasonable. But this case is one of hundreds filed in this district and across the country, using nearly identical complaints and motions for default judgment. In this district alone, from June 14, 2012 to June 24, 2014, Mr. Nicoletti filed 158 cases for Malibu Media, LLC. Nearly every case names a John Doe defendant with an assigned IP address and alleges copyright infringement under 17 U.S.C. §§ 101, *et. seq.* (the "Copyright Act"). The plaintiff then files a motion for leave to serve a third-party subpoena prior to the Rule 26(f) conference in order to determine the defendant's true identity. Once the defendant has been identified, the plaintiff files an amended complaint with the named defendant. A large number of the cases are voluntarily dismissed by the plaintiff because "once receiving discovery, [the plaintiff] may learn that some Doe Defendants are on active duty in the military, a coffee shop with open wireless, or have some other circumstance that would prevent [the plaintiff] from pursuing [its] claims." Pl.'s Notice [dkt. #8], Ex. 1, Collette Filed decl. ¶ 24, *Malibu Media, LLC v. John Doe*, No. 13-10508 (E.D. Mich. Feb. 21, 2013). However, the plaintiff pursues the action against the defendant on the remaining cases, requesting statutory damages for "willful" infringement.

The practice here is the essence of form pleading. For instance, on the day this case was filed — March 29, 2013 — seventeen other cases were filed in this district by Mr. Nicoletti with an identical complaint. Each of the complaints is seven pages long with thirty-three paragraphs of

exactly identical allegations, and the amount of statutory damages and the terms of the permanent injunction requested is the same. The only difference between the complaints is the defendant's assigned IP address, which is later used to identify the named defendant.

There is nothing inherently wrong with this practice. If Malibu Media is experiencing a massive invasion of infringers, it is entitled to seek redress through the courts. If the defendants' conduct is the same, then one might expect the allegations to follow suit. But because there is nothing unique about this case against Kurt Schelling, it is quite a stretch to suggest that drafting and preparing the complaint for filing took more than an hour, or that 1.3 hours were spent on drafting a motion for default judgment.

At least one other judge in this district has found Mr. Nicoletti's standard requested attorney's fees of $2,550 (at a rate of $300 an hour for eight and a half hours) to be unreasonable. *See* Order Granting Pl.'s Mot. for Default Jud. [dkt. #14], *Malibu Media, LLC v. Lara Dupuis*, No. 13-11435 (E.D. Mich. Oct. 17, 2013) (Cleland, J.) (observing that "Malibu has filed hundreds of similar actions across the country and its attorney's assertion that he spent an hour drafting what appears to be a boilerplate complaint, and an hour and twenty minutes drafting a two-page motion for default judgment strains the court's credulity"). Judges in other districts have reached similar conclusions. *See Malibu Media, LLC v. Johnson*, No. 12-1117, 2013 WL 3895265 (S.D. Ind. July 29, 2013). In this case, the Court is satisfied that a reasonable attorney's fee is $555; that amount is sufficient to cover the form-pleading work done here. When added to the $445 in costs, the statutory damages are enhanced by the amount of $1,000.

Accordingly, it is **ORDERED** that the plaintiff's motion for default judgment [dkt. #11] is **GRANTED IN PART**.

It is further **ORDERED** that the plaintiff shall recover of the defendant, Kurt Schelling, damages, costs, and attorney's fees totaling $7,000.

It is further **ORDERED** that the defendant, Kurt Schelling, shall be permanently enjoined from directly, contributorily, or indirectly infringing Malibu Media's rights under the federal copyright law by using the Internet, BitTorrent, or any other online media distribution protocol to reproduce or distribute Malibu Media's copyrighted works, or by making those works available to the public.

It is further **ORDERED** that the defendant, Kurt Schelling, shall destroy all unauthorized copies of Malibu Media's copyrighted works on any computer hard drive, server, or other medium or device in Schelling's possession or control.

It is further **ORDERED** that the plaintiff shall cause a copy of this order and the ensuing judgment to be served personally on the defendant immediately.

The Court will not exercise continuing jurisdiction over the matter.

                                               s/David M. Lawson
                                               DAVID M. LAWSON
                                               United States District Judge

Dated:   July 8, 2014

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 8, 2014.

                         s/Shawntel Jackson
                         SHAWNTEL JACKSON